IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ROBIN RAE LOYD, | § |
| | § |
| Movant, | § |
| | § |
| V. | § NO. 4:20-CV-618-O |
| | § (NO. 4:19-CR-105-O) |
| UNITED STATES OF AMERICA, | § |
| | § |
| Respondent. | § |

**OPINION AND ORDER**

Came on for consideration the motion of Robin Rae Loyd under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the record, including the record in the underlying criminal case, No. 4:19-CR-105-O, and applicable authorities, finds that the motion should be denied.

**I. BACKGROUND**

The record in the underlying criminal case reflects the following:

On April 9, 2019, movant was named in a one-count information charging her with possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). CR Doc.[1] 12. Movant and her attorney signed a factual resume, setting forth the penalties movant faced, the elements of the offense, and the stipulated facts establishing that movant had committed the offense. CR Doc. 14. They also signed a waiver of indictment. CR Doc. 18.

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:19-CR-105-O.

On April 15, 2019, movant appeared before the Court with the intent to enter a plea of guilty. Movant testified under oath that: She understood she should never depend or rely upon any statement or promise by anyone including her attorney as to what penalty would be assessed against her and that her plea must not be induced or prompted by any promises, pressure, threats, force or coercion of any kind; any discussion with her attorney concerning the guidelines would only be an estimate, not a promise, as to what the guidelines would be; the Court would not be bound by the stipulated facts and could take into account other facts; she committed the essential elements of the charge against her; she had had sufficient time to discuss the case and the charges against her and the issue of punishment with her attorney and she was satisfied with her attorney's representation; she understood that she could receive a sentence of not more than 20 years' imprisonment; no one had mentally, physically, or any other way attempted to force her to plead guilty; no one had made any promises or assurances to her in any kind of effort to induce her to enter a plea of guilty; and that the stipulated facts in the factual resume were true and correct. CR Doc. 37 at 2–19. The Court found that the plea was knowing and voluntary. *Id.* at 20.

The probation officer prepared the presentence report ("PSR"), which reflected that movant's base offense level was 36. CR Doc. 21, ¶ 14. She received a two-level and a one-level decrease for acceptance of responsibility. *Id.* ¶¶ 21, 22. Based on a total offense level of 33 and a criminal history category of III, the guideline imprisonment range was 168 to 210 months. *Id.* ¶ 82. The PSR also included a discussion of factors that might warrant an upward departure, *id.* ¶¶ 96–97, and factors that might warrant a sentence outside the advisory guideline system. *Id.* ¶ 98. Movant filed a sentencing memorandum and request for variance, which included a lengthy discussion of movant's history and characteristics. CR Doc. 25.

The Court sentenced movant to a term of imprisonment of 168 months. CR Doc. 31. The Court noted that it had considered the facts and arguments contained in movant's sentencing memorandum, including her medical issues, her depression, her addiction, and her low criminal history, as well as the facts set forth in the PSR. CR Doc. 38 at 8–9. Movant appealed. CR Doc. 33. Her counsel filed a motion to withdraw and a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). The motion was granted and the appeal dismissed. *United States v. Loyd*, 807 F. App'x 412 (5th Cir. 2020).

## II. GROUNDS OF THE MOTION

Movant asserts two grounds in support of her motion, both alleging ineffective assistance of counsel. Doc.[2] 1 at PageID[3] 4–5. The purported third ground is simply a statement that movant should be eligible for a hearing "on the issue of ghost dope due to unreliability of CI's information." Doc. 1 at PageID 6.

## III. APPLICABLE STANDARDS OF REVIEW

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.
[3] The "PageID __" reference is to the page number assigned by the Court's electronic filing system and is used because the typewritten numbers on the form submitted by movant are not the actual page numbers of the document and because additional pages have been attached.

without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B.  Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000).  "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as

4

having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

In her first ground, movant alleges that her counsel was ineffective in failing to object to the methamphetamine weight of 20.2 kilograms. Doc. 1 at PageID 4. She contends that she could only be charged with 263 grams and that anything over that amount is "ghost dope" under *United States v. Helding*, 948 F.3d 864 (7th Cir. 2020), "due to unreliable CI's information." Doc. 1 at PageID 4, PageID 16–17. The record in this case reflects that the quantity of methamphetamine attributed to movant was not based on any information provided by confidential informants, but rather on movant's own statements and methamphetamine found in her car. CR Doc. 21, ¶¶ 6–8. This ground is wholly unsupported and without merit.

In her second ground, movant says that denial of her motion for downward variance proves that she received ineffective assistance. Doc. 1 at PageID 5. In support, she alleges that counsel failed to file any kind of sentencing memorandum[4] or make the Court aware of any factors, such as family, health, and abuse, that would give her any kind of time off. *Id.* at PageID 14–15. Again, the record belies this claim. The PSR contains an extensive discussion of movant's background, including personal and family data, physical condition, mental health, and substance abuse.[5] CR

---

[4] Of course, the memorandum and request for variance were contained in the same document. CR Doc. 25.
[5] Movant alleges that an issue that should have been raised was past domestic abuse ongoing for more than ten years.

Doc. 21, ¶¶ 53–70. Counsel filed a lengthy sentencing memorandum discussing these matters and urging a low sentence. CR Doc. 25. He made a thorough presentation at sentencing. CR Doc. 38 at 3–6. In addition, he read a letter movant had written, in which she certainly could have expressed all the things she thought the Court should take into consideration had she chosen to do so. *Id.* at 6–7. As noted, *supra*, the Court explained the factors taken into consideration in arriving at a sentence, which included movant's personal history. *Id.* at 8–9. She has not shown that she received ineffective assistance of counsel in any respect. That counsel did not prevail does not mean that movant received ineffective assistance. *Dorsey v. Stephens*, 720 F.3d 309 (5th Cir. 2013).

## V. CONCLUSION

For the reasons discussed herein, the relief sought in movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 23rd day of March, 2021.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

Doc. 1 at PageID 15. That information should have been disclosed by movant to be included in the PSR. In any event, the allegation is unsupported and there is no reason to believe that movant's sentence would have been any different had the alleged abuse been brought to light.